IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUANE MAHONE and ADAM MOBLEY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> P.O. MARTIN, P.O. O'NEAL, individually ) <br> and THE VILLAGE OF BELLWOOD, ) <br> ) <br> Defendants ) | Court No:   07 C 7213 |

### DEFENDANT POLICE OFFICER DAVID MARTIN'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendant, POLICE OFFICER DAVID MARTIN, by and through his attorneys, MICHAEL P. LATZ of BOLLINGER, RUBERRY & GARVEY, and in Answer to Plaintiff's Complaint, states as follows:

1.   This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:**   Defendant admits that jurisdiction is appropriate according to the allegations alleged in the Complaint, but defendants specifically deny the substance of allegation(s) contained in Paragraph 1.

2.   Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:**   Defendant admits that venue is appropriate as contained in Paragraph 2.

## PARTIES

3.  At all times herein mentioned, Plaintiffs Duane Mahone ("Mahone") and Adam Mobley ("Mobley") were and now are citizens of the United States, and reside within the jurisdiction of this Court.

**ANSWER:** **Defendant has insufficient knowledge and therefore, cannot admit or deny the allegation(s) contained in Paragraph 3.**

4.  At all times herein mentioned, Defendant Bellwood Police Officer Martin ("Martin") was employed by the Bellwood Police Department and was acting under color of state law and as the employee, agent, or representative of the Bellwood Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** **Defendant admits that he was employed by the Bellwood Police Department. Defendant denies the remaining allegation(s) and conclusions of law contained in Paragraph 4.**

5.  At all times herein mentioned, Defendant Bellwood Police Officer O'Neal ("O'Neal") was employed by the Bellwood Police Department and was acting under color of state law and as the employee, agent, or representative of the Bellwood Police Department. This Defendant is being sued in his individual/personal capacity.

**ANSWER:** **Defendant admits that Officer O'Neal was employed by the Bellwood Police Department. Defendant denies the remaining allegation(s) and conclusions of law contained in Paragraph 5.**

6.  At all times herein mentioned, the Village of Bellwood was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the Village of Bellwood maintained, managed, and/or operated the Bellwood Police Department.

**ANSWER:** **Defendant admits the allegation(s) contained in Paragraph 6.**

## FACTUAL ALLEGATIONS

7. On or about July 15, 2007, Plaintiffs were standing in front of Mobley's parents' residence on the 4000 block of Jackson Street, Bellwood, IL.

**ANSWER:** **Defendant has insufficient information and therefore cannot admit or deny the allegation(s) contained in Paragraph 7.**

8. At that place and date, Defendants, arrived to Plaintiffs' location.

**ANSWER:** **Defendant admits that he arrived at the 4000 block of Jackson Street while on patrol on that date.**

9. Defendants then forced Plaintiffs to the street and proceeded to handcuff, detain, and search Plaintiffs.

**ANSWER:** **This Defendant denies the allegation(s) contained in Paragraph 9.**

10. Plaintiffs were subjected to the excessive use of force.

**ANSWER:** **This Defendant denies the allegation(s) contained in Paragraph 10.**

11. There was no probable or other legal cause to stop, detain, search, or arrest the Plaintiffs.

**ANSWER:** **This Defendant denies the allegation(s) contained in Paragraph 11.**

12. Plaintiffs in no way consented to this treatment.

**ANSWER:** **This Defendant denies the treatment alleged, and necessarily deny the remaining allegation(s) contained in Paragraph 12.**

13. Defendants then left the scene with Plaintiffs' licenses.

**ANSWER:** **This Defendant denies the allegation(s) contained in Paragraph 13.**

14. By reason of the above-described acts and omissions of Defendants, Plaintiffs sustained injuries including, but not limited to, humiliation and indignities, and suffered great physical, mental, and emotional pain and suffering all to their damage in an amount to be ascertained.

**ANSWER:** **Defendant denies the allegation(s) contained in Paragraph 14.**

15. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:** **Defendant denies the allegation(s) contained in Paragraph 15.**

16. By reason of the above-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute, prosecute, and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants, and each of them, of a reasonable sum for attorney's fees pursuant to 42 U.S.C. section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:** **Defendant denies that Plaintiffs have valid claims and therefore deny that Plaintiffs were required to retain an attorney and further deny that Plaintiffs are entitled to collect reasonable attorneys' fees and deny the remaining allegation(s) contained in Paragraph 16.**

## COUNT I

### Plaintiff Against Individual Defendants for Excessive Force

17. Defendant hereby incorporates and realleges Paragraphs one (I) through sixteen (16) of his response as though fully set forth at this place.

18. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth Amendment to the constitution of the United States and laws enacted thereunder.

**ANSWER:** **Defendant denies the allegation(s) contained in Paragraph 18.**

4

19.  The violence inflicted upon Plaintiffs was unnecessary and unreasonable and was therefore in violation of Plaintiffs' Fourth Amendment Rights. Specifically, all of the force described above was without legal cause and constituted unnecessary and unreasonable excessive force. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendant denies the allegation(s) contained in Paragraph 19.

## COUNT II

### Plaintiff Against Individual Defendants for An Unlawful Detention and False Arrest

**20. Defendant hereby incorporates and realleges Paragraphs one (I) through sixteen (16) of his response as though fully set forth at this place.**

21.  By reason of Defendants conduct, Plaintiffs were deprived of rights, privileges, and immunities secured to them by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendant denies the allegation(s) contained in Paragraph 21.

22.  The detention and arrest of Plaintiff as alleged above was caused by Defendants and was done without probable cause and was unreasonable. Therefore, Defendants are liable for this detention and arrest under 42 U.S.C. § 1983.

**ANSWER:** Defendant denies the allegation(s) contained in Paragraph 22.

## COUNT III

### Plaintiffs Against Individual Defendants for Unreasonable Search

**23. Defendant hereby incorporates and realleges Paragraphs one (I) through sixteen (16) of his response as though fully set forth at this place.**

24. By reason of Defendants' conduct, Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** **Defendant denies the allegation(s) contained in Paragraph 24.**

25. Defendants unlawfully searched Plaintiffs without Plaintiffs' consent, unreasonably, and without legal cause. Therefore, Defendants are liable for an unlawful search under 42 U.S.C. § 1983.

**ANSWER:** **Defendant denies the allegation(s) contained in Paragraph 25.**

### COUNT IV

### Plaintiffs Against Defendants Martin and O'Neal and the Village of Bellwood for the Supplemental State Claims of False Arrest and Battery

26. **Defendant hereby incorporates and realleges Paragraphs one (I) through sixteen (16) of his response as though fully set forth at this place.**

27. Defendants caused the unlawful arrests and detentions and unreasonable and unnecessary violence to be inflicted upon Plaintiffs without legal cause.

**ANSWER:** **Defendant denies the allegation(s) contained in Paragraph 27.**

28. The Village of Elwood is liable to Plaintiffs for the acts of the Individual Defendants Martin and O'Neal pursuant to the doctrine of respondeat superior. Therefore, Defendants and each of them are liable under the supplemental state claim of battery.

**ANSWER:** **Defendant makes no response on behalf of the Village of Elwood, but Defendant denies the allegation(s) contained in Paragraph 28 as addressed to him.**

29. Therefore, Defendants and each of them are liable under the supplemental state claim of battery.

**ANSWER:** Defendant denies the allegation(s) contained in Paragraph 29.

WHEREFORE, Defendant, POLICE OFFICER DAVID MARTIN, prays that Plaintiffs be barred from recovery of any sum whatsoever and that judgment be entered in favor of Defendant and against Plaintiffs with fees and costs assessed against Plaintiffs.

Respectfully submitted,

BOLLINGER, RUBERRY & GARVEY

By: s:/Michael P. Latz
Attorney for Defendants

Michael P. Latz
Bollinger, Ruberry & Garvey
500 West Madison Street - Suite 2300
Chicago, Illinois 60661
Telephone: (312) 466-8000
Facsimile: (312) 466-8001
Attorney Code: 13507

**AFFIRMATIVE DEFENSES**

NOW COMES Defendant, POLICE OFFICER DAVID MARTIN, and assert the Affirmative Defenses to Plaintiffs' Complaint:

1.  Reasonable suspicion existed for the stop of the Plaintiffs.

2.  Police Officers O'Neal and Martin are shielded by the doctrine of good faith immunity insofar as his conduct did not violate a clearly established statutory or constitutional right of Plaintiff and of which a reasonable police officer would have known.

3.  Police Officers O'Neal and Martin are entitled to qualified immunity in that he is sheltered from liability for civil damages since he held a good faith belief that each of his actions was lawful and this belief was objectively reasonable at all times at issue.

4.  Police Officers O'Neal and Martin are entitled to immunity as to any state law claims under 745 ILCS 10/2-202 which states that a public employee is not liable for an act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton misconduct.

5.  Police Officers O'Neal and Martin are immune from liability for any state law claims under 745 ILCS 10/2-201 which states that a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from an act or omission in determining policy when exercising such discretion even though abused.

6.  The Illinois Local Governmental and Governmental Immunity Act, 745 ILCS 10/101-1 *et seq*, specifically including provisions 10/2-102, 10/2-103, 10/2-201, 10/2-202, provides immunity from liability to the Defendants.

WHEREFORE, Defendant prays that Plaintiffs be barred from recovery from any sum whatsoever and that judgment be entered in favor of Defendant and against Plaintiffs with fees and costs assessed against Plaintiffs.

        Respectfully submitted,

        BOLLINGER, RUBERRY & GARVEY

        By:   s:/Michael P. Latz
               Attorney for Defendants

Michael P. Latz
Bollinger, Ruberry & Garvey
500 West Madison Street - Suite 2300
Chicago, Illinois 60661
Telephone: (312) 466-8000
Facsimile: (312) 466-8001
Attorney Code: 13507

F:\USERS\mlatz\07903\011 MAHO\Pleadings\Answer to Plaintiff's Complaint (Bellwood).mht